IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO.: 7:20-CV-160

| | |
|---|---|
| JARVIS PAINTING, INC. D/B/A JARVIS PROPERTY RESTORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| THE IMPRINT CHURCH, NORTH CAROLINA DISTRICT COUNCIL OF THE ASSEMBLIES OF GOD, INC., LISA CAVANAUGH, and TYLER JERNIGAN, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES Plaintiff Jarvis Painting, Inc. d/b/a Jarvis Property Restoration ("Plaintiff"), complaining of the acts of Defendants, who alleges and states the following:

**PARTIES**

1. Plaintiff is a corporation organized and existing under and by virtue of the laws of the State of Michigan and which maintains a principal office and registered office in Harrison Township, Michigan. Plaintiff is registered and existing as a foreign entity under the laws of the State of North Carolina.

2. Defendant The Imprint Church ("Imprint") is a religious corporation as defined in N.C. Gen. Stat. § 55A-1-40(4) organized and existing under the laws of the State of North Carolina with its principal office in Duplin County, North Carolina.

3. Defendant North Carolina District Council of the Assemblies of God, Inc. ("NCAG") is a non-profit corporation organized and existing under the laws of the State of North Carolina with its principal office in Harnett County, North Carolina.

4. Upon information and belief, Defendant Lisa Cavanaugh ("Defendant Cavanaugh") is a member and employee of Imprint and is a citizen and resident of Duplin County, North Carolina.

5. Upon information and belief, Defendant Tyler Jernigan ("Defendant Jernigan") is the Lead Pastor at Imprint and is a citizen and resident of Duplin County, North Carolina.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the Plaintiff and Defendants.

7. Venue is proper in the Eastern District of North Carolina, pursuant to 28 U.S.C. §1391(b)(1) because at least one defendant resides in this district and all defendants are residents of North Carolina. Venue is also proper in the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims at issue occurred in this district and the property that is the subject of the action is situated is in this district.

**STATEMENT OF FACTS**

8. On or about September 14, 2018, Hurricane Florence caused significant water damage to premises utilized as a church ("the Premises") located at 3237 NC 41 HWY in Wallace, North Carolina. Upon information and belief, the Premises were owned by Imprint and/or NCAG.

9. On September 27, 2018, Plaintiff entered into a contract ("the Contract") with Imprint whereby Plaintiff would perform certain remediation measures such as emergency

2

water mediation, selective demolition, and mitigation at the Premises to address water damage caused by the hurricane. A true and accurate copy of the Contract is attached here as Exhibit A.

10. Pursuant to the Contract, Plaintiff would be paid a deposit of $2,500 at the start of work and would be charged according to Labor Rate and Equipment Schedules attached as Exhibit A to the Contract.

11. The Contract was executed by Defendant Cavanaugh who had actual and/or apparent authority to execute the Contract on behalf of Imprint. Specifically, Imprint held Defendant Cavanaugh out as someone possessing the authority to execute a contract binding upon Imprint or, at the very least, permitted Defendant Cavanaugh to represent she had such authority.

12. Plaintiff was on the Premises from September 27, 2019 to October 4, 2019, at which time it completed its work on the project. At no time during that period did anyone employed by or affiliated with Imprint indicate that Defendant Cavanaugh did not have the authority to execute a contract with Plaintiff that would be binding upon Imprint and the owner of the Premises.

13. Plaintiff was reasonably justified in believing that Imprint had conferred upon Defendant Cavanaugh the authority to execute a contract with Plaintiff that would be binding upon Imprint and the owner of the premises.

14. On October 2, 2018, Imprint issued a check in the amount of $2,500.00 to Plaintiff for payment of the deposit pursuant to the Contract. The deposit check ratified the Contract and confirmed Defendant Cavanaugh's authority to execute the Contract.

15. On October 4, 2018, Plaintiff completed its work on the project.

16. On October 22, 2018, Plaintiff submitted an itemized invoice totaling $196,154.31 for the work it performed pursuant to the Contract. The invoice due date was November 6, 2018. A true and accurate copy of this invoice is attached hereto as Exhibit B.

17. Pursuant to the Contract, payment not made within thirty (30) days of invoice rendition shall accrue interest at the rate of 1.5% per month, or 8% annually or the maximum allowed by law.

18. Plaintiff has complied with all conditions precedent to this claim including, without limitation, the applicable statutes of limitation and repose.

19. The principal amount of this controversy is One hundred Ninety-Six Thousand One hundred Fifty-Four and 31/100 Dollars ($196,154.31).

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT-IMPRINT**

20. The allegations contained in paragraphs 1 through 19 are hereby re-alleged and are incorporated herein by reference.

21. Since Plaintiff's performance of the project pursuant to the terms of the Contract, Imprint has failed and refused to make payment of the aforesaid sum due to Plaintiff despite Plaintiff's numerous attempts to obtain said payment.

22. Imprint has breached the Contract with Plaintiff.

23. Plaintiff has complied with all conditions precedent and is entitled to receipt of payment from Imprint of all amounts, including interest, due under the Contract.

**SECOND CLAIM FOR RELIEF**
**QUANTUM MERUIT-IMPRINT**
**(In the Alternative)**

24. The allegations contained in paragraphs 1 through 23 are hereby re-alleged and are incorporated herein by reference.

25. In the alternative, at the request of Imprint and/or with the knowledge, consent and approval of Imprint, Plaintiff provided valuable services described in its itemized invoice (Exhibit B) which have not been paid.

26. The services furnished by Plaintiff to Imprint, for which Plaintiff has not been paid, were worth at least the sum of $196,154.31 plus interest at the legal rate of 8% per annum from November 6, 2018 until paid in full, and the costs of this action, over and above all credits, setoffs, payments or counterclaims.

27. Since the furnishing of services by Plaintiff, Imprint has failed and refused to make payment of the aforesaid sum due to Plaintiff.

28. Imprint has been unjustly enriched at least in the sum of $196,154.31 plus interest at the legal rate of 8% per annum from November 6, 2018 until paid in full.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT-NCAG
### (In the Alternative)

29. The allegations contained in paragraphs 1 through 28 are hereby re-alleged and are incorporated herein by reference.

30. On September 27, 2018, Plaintiff entered into the Contract with Imprint whereby Plaintiff would perform certain remediation measures such as emergency water mediation, selective demolition, and mitigation at the Premises to address water damage caused by the hurricane.

31. The Contract was executed by Defendant Cavanaugh who had actual and/or apparent authority to execute the Contract on behalf of the owner of the Premises, NCAG.

32. Since Plaintiff's performance of the project pursuant to the terms of the Contract, NCAG has failed and refused to make payment of the aforesaid sum due to Plaintiff despite Plaintiff's numerous attempts to obtain said payment.

33. NCAG has breached the Contract with Plaintiff.

34. Plaintiff has complied with all conditions precedent and is entitled to receipt of payment from NCAG of all amounts, including interest, due under the Contract.

### FOURTH CLAIM FOR RELIEF
### QUANTUM MERUIT-NCAG
### (In the Alternative)

35. The allegations contained in paragraphs 1 through 34 are hereby re-alleged and are incorporated herein by reference.

36. In the alternative, at the request of Imprint and/or NCAG and/or with the knowledge, consent and approval of NCAG, Plaintiff provided valuable services described in its itemized invoice (Exhibit B) which have not been paid.

37. The services furnished by Plaintiff to NCAG, for which Plaintiff has not been paid, were worth at least the sum of $196,154.31 plus interest at the legal rate of 8% per annum from November 6, 2018 until paid in full, and the costs of this action.

38. Since the furnishing of services by Plaintiff, NCAG has failed and refused to make payment of the aforesaid sum due to Plaintiff.

39. NCAG has been unjustly enriched at least in the sum of $196,154.31 plus interest at the legal rate of 8% per annum from November 6, 2018 until paid in full.

### FIFTH CLAIM FOR RELIEF
### CHAPTER 75 UNFAIR DECEPTIVE TRADE PRACTICES- IMPRINT
### (In the Alternative)

40. The allegations contained in paragraphs 1 through 39 are hereby re-alleged and are incorporated herein by reference.

41. In the alternative, Imprint allowed Defendant Cavanaugh to sign the Contract which led Plaintiff to believe that Defendant Cavanaugh had the authority to bind Imprint with respect to the obligations and duties set forth in the Contract even though Imprint knew Defendant Cavanaugh had no such authority. Additionally, Imprint never disclosed that it was not the owner of the Premises and led Plaintiff to believe that Imprint was the owner of the Premises.

42. Imprint's actions and omissions alleged herein affected commerce within North Carolina.

43. Imprint's actions and omissions deceived Plaintiff.

44. Imprint's actions and omissions alleged herein were fraudulent, unlawful, unfair and/or deceptive, and constitute unfair or deceptive trade practices under Chapter 75 of the North Carolina General Statutes (G.S. § 75-1.1). As a direct and proximate result of the foregoing fraudulent, unlawful, unfair and deceptive actions and omissions, Plaintiff has been damaged in an amount in excess of $196,154.31.

45. Pursuant to G.S. § 75-16, the unfair or deceptive trade practices of Imprint entitle Plaintiff to treble damages.

46. Pursuant to G.S. § 75-16.1, the unfair or deceptive trade practices of Imprint entitle Plaintiff to recover from Plaintiff its reasonable attorney's fees incurred in prosecuting this action.

### SIXTH CLAIM FOR RELIEF
### CHAPTER 75 UNFAIR DECEPTIVE TRADE PRACTICES- NCAG
**(In the Alternative)**

47. The allegations contained in paragraphs 1 through 46 are hereby re-alleged and are incorporated herein by reference.

48. In the alternative, NCAG claims it has a policy that it does not honor contracts except those signed by a district officer or by three executive officers of Imprint. Upon information and belief, NCAG failed to convey this policy to Imprint and its members. As a consequence, parties such as Plaintiff who have contracted with Imprint are justifiably misled into believing that the responsible entity, i.e., NCAG, will honor the contract. NCAG's failure to communicate its policy to Imprint allows it to reap the benefits from contracts entered into by Imprint while claiming it has no duty to pay for the same.

49. NCAG's actions and omissions alleged herein affected commerce within North Carolina.

50. NCAG's actions and omissions deceived Plaintiff.

51. NCAG's actions and omissions alleged herein were fraudulent, unlawful, unfair and/or deceptive, and constitute unfair or deceptive trade practices under Chapter 75 of the North Carolina General Statutes (G.S. § 75-1.1). As a direct and proximate result of the foregoing fraudulent, unlawful, unfair and deceptive actions and omissions, Plaintiff has been damaged in an amount in excess of $196,154.31.

52. Pursuant to G.S. § 75-16, the unfair or deceptive trade practices of NCAG entitle Plaintiff to treble damages.

53. Pursuant to G.S. § 75-16.1, the unfair or deceptive trade practices of NCAG entitle Plaintiff to recover from NCAG its reasonable attorney's fees incurred in prosecuting this action.

## SEVENTH CLAIM FOR RELIEF
### NEGLIGENCE/NEGLIGENT SUPERVISION-IMPRINT
### (In the Alternative)

54. The allegations contained in paragraphs 1 through 53 are hereby re-alleged and are incorporated herein by reference.

55. In the alternative, Imprint knew or should have known that any contract with Plaintiff needed to be executed pursuant to NCAG's policies.

56. Imprint had a duty to inform Plaintiff of and comply with NCAG's policies requiring contracts be executed by certain parties.

57. Imprint failed to adequately supervise its employees so that they were aware of NCAG's policies requiring that contracts be executed by certain parties.

58. Imprint breached its duty to Plaintiff by failing to inform Plaintiff of and comply with NCAG's policies regarding execution of contracts.

59. As a direct and proximate result of Imprint's negligence, Plaintiff sustained damages in an amount in excess of $196,154.31.

## EIGHTH CLAIM FOR RELIEF
### NEGLIGENCE-NCAG
### (In the Alternative)

60. The allegations contained in paragraphs 1 through 59 are hereby re-alleged and are incorporated herein by reference.

61. In the alternative, NCAG knew or should have known that its policies regarding the execution of contracts needed to be adequately conveyed to Imprint so that Imprint's contracts with other parties would be honored.

62. Imprint informed NCAG of the significant damages to the Premises as early as September 21, 2018. Therefore, NCAG knew that remediation work would need to be

9

Case 7:20-cv-00160-D   Document 1   Filed 08/31/20   Page 9 of 13

performed on the Premises and that Imprint would need to contract with an entity to perform said services.

63. NCAG had a duty to inform Plaintiff of its policies regarding execution of contracts and/or a duty to undertake adequate measures to ensure that Imprint complied with these policies.

64. NCAG breached its duty to Plaintiff by failing to inform Plaintiff of NCAG's policies regarding execution of contracts and by failing to take adequate measures to ensure that Imprint complied with these policies.

65. As a direct and proximate result of NCAG's negligence, Plaintiff sustained damages in an amount in excess of $196,154.31.

### NINTH CLAIM FOR RELIEF
### NEGLIGENT MISREPRESENATION-DEFENDANTS CAVANAUGH, JERNIGAN and IMPRINT
### (In the Alternative)

66. The allegations contained in paragraphs 1 through 65 are hereby re-alleged and are incorporated herein by reference.

67. In the alternative, Defendant Cavanaugh did not have authority to execute a contract that would be honored by NCAG with Plaintiff but Defendant Cavanaugh and Defendant Jernigan negligently misrepresented to Plaintiff that she had the requisite authority.

68. Plaintiff relied on Defendant Cavanaugh's and Defendant Jernigan's misrepresentations and performed services based on those misrepresentations.

69. Defendant Cavanaugh and Defendant Jernigan failed to exercise reasonable care or competence, or were otherwise negligent, in communication of the false representations and information to Plaintiff.

70. At all times relevant to this Complaint, Defendant Cavanaugh and Defendant Jernigan were employees of Imprint and their actions and dealings with Plaintiff were within the scope and authority of their employment with Imprint. Pursuant to doctrine of respondeat superior and agency, Defendant Cavanaugh's and Defendant Jernigan's negligence are imputed to Imprint.

71. As a direct and proximate result of Defendant Cavanaugh's and Defendant Jernigan's negligence which is imputed to Imprint, Plaintiff sustained damages in an amount in excess of $196,154.31.

## TENTH CLAIM FOR RELIEF
### FRAUD-NCAG
### (In the Alternative)

72. The allegations contained in paragraphs 1 through 71 are hereby re-alleged and are incorporated herein by reference.

73. In the alternative, NCAG has a policy that it does not honor contracts except those signed by a district officer or by three executive officers of Imprint. Upon information and belief, NCAG knew that Imprint had not complied with this policy on numerous occasions prior to retaining Plaintiff to perform services at the Premises. Upon information and belief, NCAG further knew that Plaintiff was performing necessary remediation work at the Premises and knew that the contract between Imprint and NCAG did not comply with its policy but intentionally withheld this information from Plaintiff.

74. NCAG's withholding of this information constituted concealment of a material fact which was reasonably calculated to deceive Plaintiff.

75. NCAG's concealment of this material fact was made with the intent to deceive Plaintiff and which did in fact deceive Plaintiff.

76. As a proximate result of NCAG's foregoing fraudulent conduct, Plaintiff sustained damages in an amount in excess of $196,154.31 and is entitled to an award of compensatory and punitive damages pursuant to N.C. Gen. Stat. § 1D-1 *et seq*.

## ELEVENTH CLAIM FOR RELIEF
### FRAUD-IMPRINT and DEFENDANTS CAVANAUGH AND JERNIGAN
### (In the Alternative)

77. The allegations contained in paragraphs 1 through 76 are hereby re-alleged and are incorporated herein by reference.

78. In the alternative, Imprint, Defendant Cavanaugh and Defendant Jernigan knew of NCAG's policy that it would not honor a contract unless it was executed by a district officer or by three executive officers of Imprint.

79. On September 27, 2018, Defendant Cavanaugh signed the Contract at the Premises knowing that the Contract would not be honored by NCAG.

80. On September 27, 2018, Imprint and Defendant Jernigan knew that Defendant Cavanaugh had signed the Contract and that the Contract would not be honored by NCAG.

81. On September 27, 2018, Imprint, Defendant Jernigan and Defendant Cavanaugh knew that Imprint did not own the Premises but led Plaintiff to believe that Imprint or Defendant Cavanaugh was the owner of the Premises.

82. On September 27, 2018, Defendant Cavanaugh indicated on the Contract that she was the owner of the Premises.

83. The withholding of the fact that NCAG was the owner of the Premises constituted concealment of a material fact which was reasonably calculated to deceive Plaintiff.

84. This concealment of this material fact was made with the intent to deceive Plaintiff and which did in fact deceive Plaintiff.

85. As a proximate result of the foregoing fraudulent conduct, Plaintiff sustained damages in an amount in excess of $196,154.31 and is entitled to an award of compensatory and punitive damages pursuant to N.C. Gen. Stat. § 1D-1 *et seq*.

PRAYER FOR RELIEF:

WHEREFORE, Plaintiff respectfully prays unto the Court as follows:

1. That Plaintiff have and recover of Defendants, jointly and severally, for all harms, losses, and damages, as alleged herein, in an amount to be determined by a jury, but in an amount in excess of $75,000, plus interest;

2. That Plaintiff be awarded treble or punitive damages;

3. That Plaintiff recover all costs, including attorney fees, as permitted by law;

4. That Plaintiff have a jury trial on all issues so triable; and

5. That Plaintiff recover such other and further relief as the Court may deem just and appropriate.

Respectfully submitted this the 31st day of August, 2020.

/s/ Philip A. Collins
Bailey & Dixon, LLP
Post Office Box 1351
Raleigh, North Carolina 27602
Telephone: (919) 828-0731
Facsimile: (919) 828-6592
pcollins@bdixon.com
State Bar No. 29153
*Counsel for Plaintiff*